IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONA WILLS,                              3:12-cv-01227-BR

        Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.

MARTIN R. COHEN
4040 Douglas Way
P.O. Box 1229
Lake Oswego, OR 97035
(503) 635-5805

---

        [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case.  No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**LINDA S. ZISKIN**
Ziskin Law Office
P.O. Box 753833
Las Vegas, NV 89136
(503) 889-0472

       Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

       Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Mona Wills seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which she denied Plaintiff's application

for Disability Insurance Benefits (DIB) under Title II of the

Social Security Act.

    This Court has jurisdiction to review the Commissioner's

decision pursuant to 42 U.S.C. § 405(g).  Following a thorough

review of the record, the Court **REVERSES** the Commissioner's final

decision and **REMANDS** this matter for further administrative

2 - OPINION AND ORDER

proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for DIB on June 23, 2009. Tr. 26. The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on December 16, 2010. Tr. 26. At the hearing Plaintiff was represented by an attorney. Plaintiff, lay-witness Nina Furlow, and a vocational expert (VE) testified at the hearing. Tr. 49-69.

The ALJ issued a decision on December 23, 2010, in which he found Plaintiff is not entitled to benefits. Tr. 33. That decision became the final decision of the Commissioner on January 12, 2012, when the Appeals Council denied Plaintiff's request for review. Tr. 9.

## BACKGROUND

Plaintiff was born November 28, 1970, and was 40 years old at the time of the hearing. Tr. 26, 127. Plaintiff completed a General Educational Development degree. Tr. 156. Plaintiff has past relevant work experience as a caregiver and a warehouse worker. Tr. 50-53, 153.

Plaintiff alleges disability since May 2, 2009, due to fibromyalgia, arthritis, depression, sleep apnea, and "other."

3 - OPINION AND ORDER

Tr. 153.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 26-33.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I.    **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R.

6 - OPINION AND ORDER

§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since May 2, 2009, her alleged onset date.  Tr. 28.

At Step Two the ALJ found Plaintiff has the severe impairments of chronic pain syndrome and obesity.  Tr. 28.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 18.  The ALJ found Plaintiff can perform "the full range of light work as defined in 20 CFR 404.1567(b)."  Tr. 29.

At Step Four the ALJ concluded Plaintiff is capable of performing her past relevant work as a caregiver.  Tr. 31-32.  Accordingly, the ALJ found Plaintiff has not been disabled at any time from the alleged onset date through the date of the ALJ's decision and, therefore, is not entitled to benefits.  Tr. 32-33.  The ALJ, therefore, did not have to address Step Five.

## DISCUSSION

Plaintiff contends the ALJ erred (1) at Step Two when he did not find Plaintiff's mental impairments and impairments of fibromyalgia and carpal-tunnel syndrome are severe and (2) failed to include all of Plaintiff's limitations in his evaluation of Plaintiff's RFC.

8 - OPINION AND ORDER

## I.   **The ALJ did not err at Step Two.**

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe
> only if it is a slight abnormality which has such
> a minimal effect on the individual that it would
> not be expected to interfere with the individual's
> ability to work . . . . [T]he severity regulation
> is to do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could never
> prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

As noted, the ALJ found Plaintiff has the severe impairments of chronic pain syndrome and obesity.  Plaintiff, however, asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged mental impairments of depression, anxiety, and panic disorder and other impairments of fibromyalgia and sleep apnea are also severe.

**A.    Plaintiff's Mental Impairments**

The ALJ noted Plaintiff reported symptoms of depression and anxiety and had been diagnosed with panic disorder, but he concluded the evidence did not establish Plaintiff has mental limitations.  Tr. 29.  The ALJ pointed out that the treatment notes of Plaintiff's treating physician, Richard A. Woods, M.D., "show that [Plaintiff's] depression was situational, following her brother's death in May 2009." Tr. 29, 219.  The ALJ also

noted although Disability Determination Services (DDS)[2]
psychological consulting examiner, Daniel Scharf, Ph.D.,
diagnosed plaintiff with panic disorder and depressive disorder,
he noted Plaintiff "did not seem depressed" and "showed a normal
affect, a logical thought process, and a happy mood."  Tr. 29,
237.  Dr. Scharf also noted Plaintiff did not "present any
difficulty with memory, concentration, or social functioning" and
gave Plaintiff a Global Assessment of Functioning (GAF)[3] of 63,
"which describes only mild symptoms or mild impairment
functioning."  Dr. Scharf also noted Plaintiff did not have any
"signs of major psychopathology."  Tr. 237.  Accordingly, the ALJ
concluded Plaintiff's "alleged mental impairments are not severe
because no treating or examining provider has given [Plaintiff]
significant limitations due to those impairments."  Tr. 29.

    Plaintiff also contends the ALJ erred when he concluded her
mental impairments are not severe in that he failed to comply
with 20 C.F.R. § 404.1520(a) when he did not "incorporate the
mode of analysis required by the Psychiatric Review Technique
form."  Pl.'s Opening Br. At 8 (citing *Keyser v. Comm'r Soc.*

---

    [2] DDS is a federally funded state agency that makes
eligibility determinations on behalf and under the supervision
of the Social Security Administration pursuant to 42 U.S.C.
§ 421(a).

    [3] A Global Assessment of Functioning (GAF) score rates a
person's psychological, social, and occupational functioning on a
hypothetical continuum of mental-health illness.  *See* Diagnostic
and Statistical Manual (DSM-1V) at 34.

*Sec.*, 648 F.3d 721 (9th Cir. 2011)).  The Court notes, however, in *Keyser* the Ninth Circuit found the ALJ's failure to comply with 20 C.F.R § 404.1520a is harmless when the claimant does not have a "colorable claim of mental impairment."  648 F.3d at 726 (citations omitted).  Here, as noted by the ALJ, no treating or examining physicians opined Plaintiff is significantly limited due to her mental impairments.

Accordingly, the Court concludes any error caused by the ALJ's failure to comply with 20 C.F.R. § 404.1520a is harmless because the ALJ provided legally sufficient reasons supported by substantial evidence that Plaintiff does not have a "colorable claim of mental impairment."  The Court further concludes any error by the ALJ in failing to identify Plaintiff's mental impairments as severe is harmless because, as noted, the ALJ resolved Step Two in Plaintiff's favor.

**B.    Plaintiff's Physical Impairments**

Plaintiff also contends the ALJ erred when he found her impairments of fibromyalgia and carpal tunnel are not severe.  As noted, because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify Plaintiff's physical impairments of fibromyalgia and carpel-tunnel syndrome as severe impairments is harmless.

**II.  Plaintiff's RFC**

Plaintiff also contends the ALJ erred when he failed to

include in Plaintiff's RFC a number of limitations identified by
the State of Oregon Vocational Rehabilitation Division (VRD) and
Dr. Scharf's observation that Plaintiff may have difficulties
with persistence.  Tr. 270, 238.

**A. Limitations Identified by VRD**

The VRD's one-page "Medical Review Record" indicated
Plaintiff has the following functional limitations:  "Limit
prolonged or awkward positions, heavy/repetitive lifting/carrying
and working above shoulder level"; "[l]imit prolonged positions
and repetitive moments, vary tasks"; "[i]mpaired endurance, easy
fatigue"; "[a]void workplace extremes (stress, cold)"; and
"[a]void repetitive forceful hand and wrist movements."  Tr. 270.
The VRD also recommended an "[e]rgonomic work station and
adaptive equipment as indicated." Tr 270.  The document is
signed by a "reviewer," but the signature is illegible and it is
unclear whether this person is a physician and how the reviewer
arrived at these conclusions as to Plaintiff's limitations.

Although the ALJ did not discuss in his decision the
limitations identified by the VRD in light of the fact that there
is not any indication that the VRD Medical Review Record
constitutes a "medical source" that the ALJ was required to
consider.  The Court concludes the ALJ did not err when he did
not include those limitations.

**B.   Limitation Regarding Plaintiff's Ability to Persist**

As noted, Dr. Scharf stated in his Psychodiagnostic Examination of Plaintiff that she "may have some difficulties with persistence due to pain" Tr. 238.  The Court also notes DDS reviewing physician, Joshua J. Boyd, Psy.D., indicated Plaintiff was mildly limited in her ability to maintaining concentration, persistence, or pace.  Tr. 256.  The ALJ, however, did not address the opinions of Drs. Scharf and Boyd as to these possible limitations in his decision.  Accordingly, it is unclear the extent to which the ALJ took these opinions into account (if at all) when he determined Plaintiff's RFC.

The Court concludes on this record that the ALJ erred when he failed to consider the opinions of Dr. Scharf and Dr. Boyd with respect to Plaintiff's limited ability to persist because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  The court may "direct an award of benefits

14 - OPINION AND ORDER

where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id*. The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id*. at 1178 n.2.

On this record the Court concludes further proceedings are necessary.  It is not clear on this record whether the ALJ would have found Plaintiff can perform her past relevant work as a caregiver or could perform other work that exists in significant numbers in the national economy if he had properly considered the opinions of Drs. Scharf and Boyd as to Plaintiff's limited ability to persist due to pain.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ to determine whether Plaintiff is

15 - OPINION AND ORDER

limited in her ability to persist and (2) to consider whether any new findings made by the ALJ alters his evaluation of Plaintiff's RFC and affects his decision as to whether Plaintiff can return to her past relevant work or is capable of performing other work that exists in significant numbers in the national economy.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 17th day of December, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


16 - OPINION AND ORDER