IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONA WILLS,                                    3:12-cv-01227-BR

            Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

            Defendant.


**MARTIN R. COHEN**
4040 Douglas Way
P.O. Box 1229
Lake Oswego, OR 97035
(503) 635-5805

**LINDA S. ZISKIN**
Ziskin Law Office
P.O. Box 753833
Las Vegas, NV 89136
(503) 889-0472

            Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

          Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff Mona Wills's
Motion (#26) for Award of Attorneys' Fees Pursuant to the Equal
Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) in the amount
of $7,132.33.

     For the following reasons, the Court **GRANTS** Plaintiff's
Motion as modified herein and **AWARDS** attorneys' fees to Plaintiff
in the amount of **$7,132.27**.


                    <u>BACKGROUND</u>

     On June 23, 2009, Plaintiff filed an application for
Disability Insurance Benefits (DIB) under Title II of the Social
Security Act.  Plaintiff alleged she was disabled due to
fibromyalgia, arthritis, depression, sleep apnea, and "other."

2 - OPINION AND ORDER

Tr. 153.  Plaintiff alleged a disability onset date of May 2, 2009.  Tr. 153.  On December 23, 2010, following a hearing, the ALJ issued a decision in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 33.

On July 9, 2012, Plaintiff filed her Complaint with this Court seeking judicial review of the Commissioner's final decision.  Plaintiff argued in her Opening Brief that the ALJ erred (1) at Step Two when he did not find Plaintiff's mental impairments and impairments of fibromyalgia and carpal-tunnel syndrome are severe and (2) when he failed to include all of Plaintiff's limitations in his evaluation of Plaintiff's RFC.

On December 17, 2013, this Court concluded "the ALJ erred when he failed to consider the opinions of Dr. Scharf and Dr. Boyd with respect to Plaintiff's limited ability to persist because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so." The Court reversed and remanded this matter for further proceedings.  Opin. and Order (#24) at 14, 16.

Plaintiff, as the prevailing party, subsequently filed her Motion (#26) for Attorneys' Fees under the EAJA in the amount of $7,132.27,[2] which includes fees for time spent preparing

---

[2] Plaintiff requested $168.38 for her 2014 attorneys' fees (fees-on-fees), but the correct amount is $168.32 (.9 hrs x $187.02).  Accordingly, the Court uses the following corrected amounts herein:  Plaintiff's 2014 requested fees are $168.32 and Plaintiff's total requested fee award is $7,132.27.

Plaintiff's EAJA application.  The Commissioner opposes an award
of fees on the ground that her litigation position was
substantially justified.  The Commissioner further contends even
if the Court awards attorneys' fees to Plaintiff, the amount
Plaintiff seeks is unreasonable and should be reduced.


## STANDARDS

Under the Equal Access to Justice Act (EAJA), 28 U.S.C.
§ 2412(d)(1)(A), the court may award attorneys' fees and costs to
a plaintiff's attorney in an action against the United States or
any agency or official of the United States if (1) the plaintiff
is the prevailing party, (2) the government has not met its
burden to show that its positions during the case were
substantially justified or that special circumstances make such
an award unjust, and (3) the requested attorneys' fees and costs
are reasonable.  *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir.
2009).

A "prevailing party" is one who has been awarded at least
some relief on the merits of her claim.  *Citizens For Better
Forestry v. U.S. Sept. of Agr.*, 567 F.3d 1128, 1131 (9th Cir.
2009)(quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).
"Enforceable judgments and court-ordered consent decrees create
'the material alteration of the legal relationship of the parties
necessary to permit an award of attorney's fees.'"  *Milner*, 583

F.3d at 1196 (quoting *Buckhannon Bd. and Care Home, Inc. v.*
*W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604
(2001)(internal citation omitted)).

   A prevailing plaintiff is not entitled to attorneys' fees
under EAJA when the Commissioner's positions were substantially
justified. *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008).
The Commissioner's positions are substantially justified if they
are reasonably based both in law and fact. *Hardistry v. Astrue*,
592 F.3d 1072 (9th Cir. 2010)(citing *Pierce v. Underwood*, 487
U.S. 552, 565 (1988)).  The Commissioner's failure to prevail on
the merits "does not raise a presumption that his position was
not substantially justified." *Gonzales v. Free Speech Coalition*,
408 F.3d 613, 620 (9th Cir. 2005)(quoting *Kali v. Bowen*, 854 F.2d
329, 332 (9th Cir. 1988)).

   When opposing a plaintiff's request for attorneys' fees
under EAJA, the defendant bears the burden to establish that the
Commissioner's positions at each stage of the proceeding were
"substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053
(9th Cir. 1998).  *See also Shafer v. Astrue*, 518 F.3d 1067, 1071
(9th Cir. 2008).  To prevail, therefore, the defendant must
establish the positions taken by the Commissioner in opposition
to the plaintiff's efforts to obtain Social Security benefits
both in the proceedings before this Court and in the underlying
administrative action were substantially justified. *See Lewis*

5 - OPINION AND ORDER

*v. Barnhard*, 281 F.3d 1081, 1085-86 (9th Cir. 2002).


## DISCUSSION

### I.    Substantial Justification

The underlying agency conduct challenged by the Plaintiff was the ALJ's failure to include all of Plaintiff's limitations in his evaluation of Plaintiff's residual functional capacity (RFC) because he did not consider the opinions of Drs. Scharf and Boyd. In her response to Plaintiff's Opening Brief, the Commissioner argued the ALJ did not err because

> Dr. Scharf's statement that Plaintiff may have difficulties with persistence due to pain did not conflict with his opinion that Plaintiff's GAF was 63, which indicated no more than mild functional difficulties. Even a person with moderate functional difficulties may retain a satisfactory capacity to perform basic work activities. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690-91 (9th Cir. 2009).

Def.'s Br. at 5. The Commissioner also contended "the ALJ considered all Plaintiff's alleged impairments, severe and non-severe alike, in assessing Plaintiff's residual functional capacity." Def.'s Br. at 9. As noted, the Court disagreed, reversed the Commissioner's decision, and remanded the matter for further proceedings.

As noted by the Court, Drs. Scharf and Boyd both indicated Plaintiff was limited in her ability to maintain concentration, persistence, or pace. The extent to which the ALJ took these opinions into account when he determined Plaintiff's RFC,

6 - OPINION AND ORDER

however, was unclear.

The Commissioner contends her position was reasonable because the ALJ properly relied on Dr. Scharf's assessment of Plaintiff as having a GAF of 63, "which describes only mild symptoms or functional difficulty," and on Dr. Boyd's opinion that Plaintiff "only had mild difficulties in maintaining concentration, persistence, or pace."  As the Court noted, however, the extent to which the ALJ considered these opinions (if at all) when evaluating Plaintiff's RFC was not clear.

Moreover, the Commissioner contends her position had a reasonable basis in law because "a mild difficulty in maintaining persistence generally means that an impairment does not significantly affect the claimant's ability to perform basic work activities."  Def.'s Resp. to Pl.'s Mot. for EAJA Fees at 5 (citing 20 C.F.R. §§ 404.1520a(d)(1), 404.1521)).  The Commissioner defends her decision on this issue on the grounds that a "mild" mental impairment does not support a finding that Plaintiff's mental impairments are severe.  The Court, however, did not find the ALJ erred on this ground.  The Court concluded:

> [A]ny error caused by the ALJ's failure to comply with
> 20 C.F.R. § 404.1520a is harmless because the ALJ
> provided legally sufficient reasons supported by
> substantial evidence that Plaintiff does not have a
> "colorable claim of mental impairment."  The Court
> further concludes any error by the ALJ in failing to
> identify Plaintiff's mental impairments as severe is
> harmless because, as noted, the ALJ resolved Step Two
> in Plaintiff's favor.

Opin. and Order at 12.

As noted, the Court concluded the ALJ erred when he failed to address the opinions of Drs. Scharf and Boyd as to Plaintiff's limited ability to maintain concentration, persistence, or pace. The Court, therefore, found "the extent to which the ALJ took these opinions into account (if at all) when he determined Plaintiff's RFC" was unclear.  Opin. and Order at 14.

Although the Commissioner addressed the ALJ's consideration of the opinions of Drs. Scharf and Boyd as they related to the severity of Plaintiff's mental impairments for purposes of Step Two, the Commissioner did not directly address the point that the Court took issue with:  The ALJ's failure to acknowledge the opinions of Drs. Scharf and Boyd with respect to Plaintiff's ability to maintain concentration, pace, or persistence as it related to Plaintiff's RFC.

The Court, therefore, concludes on this record that the Commissioner's positions were without substantial justification. *See Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007)("[T]he government must show that *all* of these positions were substantially justified in order to avoid an award of EAJA fees.")(emphasis added)).

## II.  Reasonableness of Fees

### A.  Standards

EAJA does not permit awards of attorneys' fee in excess of

$125 per hour unless the court determines an annual increase in the cost of living or another special factor justifies a higher hourly rate.   28 U.S.C. § 2412(d)(2)(A).

Plaintiff seeks attorneys' fees for legal services rendered in 2012, 2013, and 2014.   The Ninth Circuit has adjusted the base hourly rate for those years to account for inflation as follows: $184.32 for 2012, $187.02 for 2013, and $189.78 for the first half of 2014.   *See* Statutory Maximum Rates Under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view. php?pk_id=0000000039.

B.   **Discussion**

Based on the foregoing, the Court concludes Plaintiff is entitled to reasonable attorneys' fees for compensable services rendered on her behalf to include Plaintiff's Reply in support of her Motion (#26) for Award of Attorneys' Fees.

Plaintiff seeks attorneys' fees in the amount of $7,132.27 for 38.2 hours of time spent on this matter as follows:

4.4 hours in 2012 at $184.32/hour = $811.00

32.9 hours in 2013 at $187.02/hour = $6,152.95

0.9[3] hours in 2014 at $187.02/hours = $168.32.

The Commissioner does not object to the hourly rate charged by Plaintiff's attorney, which is consistent with the hourly rate

---

[3]   This is the "fees-on-fees" amount for time spent on Plaintiff's Motion (#26).   Plaintiff only requests the 2013 rate for this time.

permitted under EAJA.  The Commissioner, however, contends the
amount Plaintiff seeks should be reduced to $4,149.36 because
"[t]he number of hours is unreasonably large, considering the
amount of evidence, the filings, the issues raised, and
Plaintiff's limited success."  Def.'s EAJA Br. at 9.  Although
the Commissioner does not take issue with the time entries of
Plaintiffs' attorneys, the Commissioner, nevertheless, contends
Plaintiff should only be permitted to recover attorneys' fees for
31.9 hours to "compensate Plaintiff for the work expended by
counsel reviewing the file and preparing the arguments on the
claim on which Plaintiff prevailed."  Def.'s Resp. to Pl.'s Mot.
for EAJA Fees at 9.

       Plaintiff, however, contends the Commissioner seeks an
"across-the-board cut of 50%," which is an impermissible "de
facto cap."  The Court agrees.  The total amount of hours of
attorney time sought by Plaintiff is within the standard range
awarded for Social Security cases.  *See Costa v. Comm'r of SSA*,
690 F.3d 1132, 1136 (9th Cir. 2012)("Many district courts have
noted that twenty to forty hours is the range most often
requested and granted in social security cases.")(citing
*Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal.
2000)(collecting district court cases)).  Moreover, as the Ninth
Circuit stated in *Costa v. Commissioner of Social Security,* "it
is . . . an abuse of discretion to apply a *de facto* policy

10 - OPINION AND ORDER

limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases."  690 F.3d 1132, 1136 (9th Cir. 2012).

Accordingly, the Court concludes an award of attorneys' fees to Plaintiff for 37.3 hours[4] is reasonable and should not be reduced.

**C.    Fees-on-Fees**

Plaintiff seeks attorneys' fees of $168.32[5] in "fees-on-fees" for .9 hours of work related to Plaintiff's Motion (#26) for Award of Attorneys' Fees.

This Court has awarded attorneys' fees incurred for preparation of a request for attorneys' fees in the past based on "the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award."  *See Teicher v. Regence Health and Life Ins. Co.,* No. 06-CV-1821-BR, 2008 WL 5071679, at *10 (D. Or. Nov. 24, 2008)(citing *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 909 (9th Cir. 1995)("[A] district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award.").  *But see Gates v. Deukmejian,* 987 F.2d 1392, 1400 (9th Cir.

---

[4] This does not include the .9 hours Plaintiff requests for "fees-on-fees."

[5] As noted, this amount has been corrected from $168.38 to $168.32 to account for a calculation error.

1992)("the use of percentages does not discharge[] the district court from its responsibility to set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.").

As noted, the Court concludes the fees sought by Plaintiff for work exclusive of the time related to Plaintiff's Motion for Award of Attorneys' Fees is reasonable. The attorneys' fees award to which Plaintiff is entitled, therefore, is $6,963.95, which is 100% of the amount sought by Plaintiff. In addition, consistent with the approach approved by the Ninth Circuit in *Schwarz* and this Court's prior use of that methodology when appropriate, the Court, in the exercise of its discretion, awards to Plaintiff fees-on-fees in the sum of $168.38, which is 100% of such fees requested by Plaintiff.

In summary, the Court concludes Plaintiff is entitled to an award of $7,132.27 (4.4 hours in 2012 X $184.32 = $811.00, 32.9 hours in 2013 X $187.02 = $6,152.95, and $168.32 in fees-on-fees).


<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Plaintiff's Motion (#26) for Attorneys' Fees as modified and **AWARDS** attorneys' fees to

Plaintiff in the amount of **$7,132.27.**

IT IS SO ORDERED.

DATED this 29th day of July, 2014.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge